EDWARDS, J.,
DISSENTS AND ASSIGNS REASONS.
hi respectfully dissent from the majority’s decision to grant the defendant’s motion to quash the malfeasance charge. The State does not disagree that the conduct at issue in the parallel civil suit[1]—ie., the duty to conduct an inspection of the Willow Creek Apartments, formerly known as the Rusty Pelican motel,—wás a discretionary duty. Further, the State agrees that Mr. Marchiafava’s failure to conduct the in *1161 spection prior to the fire does not rise to the level of “malfeasance in office,” a criminal act. The crime of malfeasance in office requires the violation of an “affirmative duty,” and by definition, Mr. Marchiafava’s failure to perform the inspection, a discretionary duty, cannot constitute malfeasance in office.
To the contrary, however, the State argues that the allegations contained in its supplemental bill of particulars are directed to Mr. Marchiafava’s conduct occurring after the building burned down, when he filed a false police report and tampered with SFM records. According to the State, Mr. Marchiafava, in essence, attempted to stage a cover-up and, in doing so, he violatr ed statutory duties, duties inherent in the nature of his office, and duties he assumed under his oath in office,
1 ^Accordingly, I find that the State has presented a valid charge of malfeasance in office, and it should- have the opportunity to prove it. For these reasons, I respectfully dissent from the majority’s decision to quash the malfeasance charge.

. Hanson v. Steven Caruso, Willow Creek, L.L.C., 15-449 (La. App. 5 Cir. 12/23/15), 182 So.3d 1187